Okay, the next argued case is number 162647, AIA America, Inc. v. Avid Radiopharmaceuticals. Mr. Buckley. Thank you and good morning. May it please the Court. This is a case about the exceptional case sanctions that were levied against Alzheimer's Institute of America. I'd like to take a minute at the outset to just focus us on a narrow aspect of this case. I think in the briefing what got lost a little bit was that this is not about all of the different reasons why a court might find a case exceptional. And I can see that there are many and that many of them are discretionary and don't present the issue that's being presented here. You say what got lost in the briefing. You did two-thirds of the brief. And I understand the issue to be whether a jury should have decided this issue. Right, and I think that's what, I mean that certainly was one of the points that I was attempting to make. That didn't get lost. Okay, well that's good then. So this is not about litigation misconduct or objective unreasonableness, pre-suit investigation of the substance and strength of a party's position, all of which the court can determine from things that it sees. This was about Judge Savage finding that AI knew that when it brought the action that it was not the legal owner of the patents. And that, in my view, is different, not only because it's not equitable, it's not based on an observation of conduct in the court's presence or the strength of a legal position asserted before the court, but rather it's a finding of fact, a specific finding that when So is your position that some findings of fact for a 285 determination can be made by a judge and some have to be made by a jury? I think that's what highlights the doormaster. Where in 285 does it say that? It doesn't say that in 285, certainly, Your Honor. I think that's where the doormaster case is important. And that's where the court said, look, the judge can make findings about issues that are subsumed within what the jury decides, so long as they're not inconsistent with what the jury decides. Excuse me, so long as they're consistent, not inconsistent. That doesn't say anything about the fact that the judge can't make factual findings altogether on a certain issue. Right, and the Seventh Amendment is the reason the judge can't make these findings because Where's your support for the notion that an attorney fee statute that gives the discretion to a district court to award fees means that certain factual issues still have to be tried by a jury? That's not like any attorney fee statute I've ever heard of. Well, so the factual, and that's why it's a narrow issue. It's not every exceptional case determination, but it's a narrow issue because there's this other body of I don't know what narrow issue it is. Are we going to get into a case-by-case basis of, well, this kind of factual issue has to go to the jury, but this one doesn't? I mean, that seems completely unworkable. No, it's very specific, and the National Presto case is one that I would point to that says knowledge and intent findings are issues for the jury. They're for the trier of fact. In an infringement suit, but not in an attorney fees action. Well, but so the issue in many of these cases is willful infringement, where the jury actually decides the issue of knowledge and intent. This is the converse, where it's the plaintiff's knowledge and intent, which is not tried to the jury, not presented to any trier of fact. And that's why it's a bit of an exception to the otherwise broad rule, where a willful infringer's knowledge and intent is presented to the jury. Here, the court decided after a bifurcated trial that had nothing to do with my client's knowledge and intent when it filed suit. Sure, but you were allowed on the attorney fees motions to introduce any kind of affidavits or evidence or the like that you wanted to oppose the fee award, weren't you? Certainly. And you did. Certainly. And that was a question for the district court. I mean, I know you're trying to leverage Dormaster and all those cases, but we have Octane Fitness from a couple years ago, which very emphatically said it is the province of the district court to determine whether a case is exceptional or not. Right. And to the extent that the court determines it's exceptional based on anything other than a knowledge and intent finding that was never tried and never presented to any fact… Why does it have to be tried? You can present evidence to the district court. The other side can rebut it. The district court can make a factual finding on that for purposes of the attorney fee award. Because the Seventh Amendment requires that a jury decide those issues. And I think it's important… Where? Where does the Seventh Amendment… The Seventh Amendment jury trial for a factual finding to support an attorney's fee award. Only where that factual finding relates to knowledge and intent and only where that issue was never decided by the finder of fact. Where? Well, the National Presto case makes clear that… That's not in an attorney's fees case. No, certainly. But, I mean, the Constitution finds its way into various different parts of our law. Knowledge and intent. Where has a court held that certain factual issues in an attorney fee award have to be decided by a jury? Well, the Dormaster case. I mean this court… No, the Dormaster case did not hold that at all. The Dormaster case just said if the jury has already made factual findings on a certain point, the court can't make inconsistent findings. Correct. That says nothing about whether the court is incapable of making its own factual findings in an attorney fee award. Well, what it says is that once the jury has examined an issue, the court can't do something inconsistent with that. But this issue hasn't been presented that way before. I mean, what was unique about that case, or not unique, what was important about that case is that the issues were presented to the jury, and then the court, on the basis of a trial that considered those issues, found that it was a close call. This was a bifurcated trial on standing. Evidence about my client's knowledge and intent was excluded. And, therefore, when my client was before the court on this exceptional case motion, you know, the court could have decided it on any number of issues. But it decided it specifically about making a factual finding that my client knew when it filed suit that it was not the lawful owner of those patents. And, you know, just from a factual perspective, I think there's some compelling reasons to take a look at this and to say, you know, laypeople should decide this. These are complex scientific discoveries. My client is not a scientist. He had nothing to do with the discoveries. These are complex legal issues involving waiver. He was represented by counsel at every step of the way, both in the underlying patent… But you had the opportunity to make all of those arguments to the district court in the context of the 285 proceedings, and the district court didn't believe you. Well, what the district court did is it made its own findings… Exactly. …based on a limited record. And my contention… Wait. Quit saying limited record. You had the opportunity to put in anything you wanted in the context of the fee proceedings. Well, and that's where the Seventh Amendment comes in, Your Honor. The district court didn't rely solely on the trial. It took in other evidence, as it's supposed to do in an exceptional case determination, and decided that it was exceptional. Right. It made a factual finding, a specific factual finding, that my client brought suit knowing that its patents were invalid. And that was an issue that was never presented to the jury and on which… It seems to me you have failed to cite me a single case that says you have a Seventh Amendment right to jury trials on attorney fee issues. No, that's not my contention, Your Honor. My contention is I have a Seventh Amendment right to a jury trial when the factual finding is about someone's knowledge or intent. What case have you cited me for that in the context of an attorney fees case? Well, I don't think it matters that it's in the context of an attorney fees case. In other words, if there's going to be a factual finding about our knowledge and intent, okay, and this is where there's a distinction between the legal and the equitable and between things that are before the court already and things that are not. I don't see how we hold up that line. There are all kinds of factual determinations a district court makes in the context of a 285 proceeding. And if we adopt your reasoning, we're going to have to start parsing and saying this is more factual, this is more equitable, blah, blah, blah, down the line. Even the basic timeline of what happened is factual. So we have to have another mini jury trial on every single 285 case? No, Your Honor, not at all. Only when someone says to a plaintiff that you knowingly filed suit in bad faith. What's your basis for limiting it to that question? The basis is that factual questions have to be submitted to a jury. No, Your Honor. Factual questions about a plaintiff's intent in bringing suit. Why limit it to that factual question? The Seventh Amendment doesn't limit it to certain questions. It requires that factual questions be submitted to a jury if the plaintiff so elects. Well, what's interesting about that question is it's never a question that's presented to the jury in the first instance because it would put the plaintiff in a strategic conundrum where at the same time that they're trying to justify the fact that they filed suit, they're defending against an as-yet-unfiled exceptional case motion. And it would, you know, basically say to the plaintiff. If we reject your Seventh Amendment argument, do you have anything else? Well, yes. I mean, there's the due process argument, which is that the judge went through this entire trial saying that this was a limited trial on standing. But that's tied up with your Seventh Amendment argument, isn't it? Because didn't you concede to me that you had the opportunity during the 285 proceedings to present any evidence you wanted? We certainly had an opportunity to present the evidence, but it's a markedly different setting than it is in an oral argument than it is in a trial where we can quote. But in the briefing, you were entitled to submit declarations and the like, weren't you? Certainly we were, but we were not entitled to cross-examine those that were confronting us saying that, you know, that we were not, you know, that we brought suit in bad faith. So, look, my client is not a scientist. He was relying on what the scientists who then turned on him and said that, you know, this guy Hardy turned on him and said that what he said for years, that he was not the inventor, was not true. My client is not a lawyer. Now you're arguing the merits have already been decided, right? Well, no. These are issues that were never presented to any finder of fact. Judge Savage just decided them on his own. And that's, I mean, that's the issue here. You keep saying they weren't presented to a finder of fact. But if we determine there's no Seventh Amendment right to a jury, then the district court is the appropriate finder of fact in a 285 case. And these issues were certainly presented to the district court to make findings. And he did. Well, he did. I think it was clear that his decision, and if you read his decision, it's very clear that his decision is based on the trial record. And that's, you know, that's a situation where he's saying this trial that we had on standing is what convinced me that this suit was brought in bad faith, but the trial on standing had nothing to do with the bringing of the suit. And, indeed, evidence about bringing of the suit, such as the fact that it was done on a contingency basis and that there had been prior settlements with other companies, never came into that trial. But at least the evidence of the other settlements is in the record, so it came in somehow. You submitted it during the course of the 285 proceeding. Well, I don't know that evidence of the other settlements was submitted during the 285 proceeding. I mean, you would have a far different case if the district court had said somebody files a motion for attorney fees and you attempt to respond to it with affidavits or test declarations or the like, and they said, no, I'm going to base it solely on the trial. Well, I mean, I guess that's what happened here. Well, I guess it's sort of unclear what, you know, you get into this 285 proceeding, and it's unclear what the judge is going to do. If the judge makes his decision based on litigation misconduct, I've got no case. It was unclear what basis he was going to make his decision until it came out. And then when we get it, he makes a factual finding about our intent on an issue that was never presented to any finder of fact, even in the 285 context. And in that way, he denied us due process and violated our Seventh Amendment right. Okay. Let's hear from the other side, and we'll save your rebuttal time, Mr. Buckley. Mr. Burwell. Thank you, Your Honor. May it please the Court. The position advocated by AIA is wholly without support in the statute or the case law. AIA is seeking something that is simply unprecedented and would contradict what courts have been doing for decades. AIA previously acknowledged at the oral hearing before the district court judge that he could make factual findings regarding the issues of intent and bad faith. At that hearing, the judge asked AIA's counsel about evidence regarding AIA's effort to deceive the University of South Florida, and AIA's counsel told the judge, the jury didn't make that factual finding, so if anybody is going to have to make that factual finding, it would have to be you, effectively inviting the district court judge to make factual findings. Now, for the first time in the entirety of this litigation, AIA is invoking before this court a Seventh Amendment right that simply does not exist. Even in its briefing before this court, AIA acknowledges that in appropriate circumstances, the district court may make factual findings, including on the issue of subjective bad faith in support of its determination of an exceptional case. So, again, AIA acknowledges that the district court has the power to make factual findings in support of the Section 285 determination. But what's your answer to the position that until the district court found subjective bad faith, there was really no basis on which to submit evidence of subjective good faith? There was that opportunity, and AIA took full advantage of that opportunity in the briefing and especially in the oral argument with respect to the 285 motion. AIA argued in its brief that it was acting in good faith, and as the transcript of the attorney's fee argument indicates, AIA went on and on about evidence that it argued showed its good faith. The pre-filing investigation that it purportedly engaged in, its purported reliance on letters that Dr. Hardy had written, it went on and on about evidence that it argued showed good faith. That evidence was rejected, so it was before the court, and the court certainly had the opportunity. AIA was never deprived of any opportunity to present whatever evidence it chose during the Section 285 phase of this case. As Judge Hughes raised in one of his questions, octane fitness and the language of Section 285, and Highmark as well, really settle the issue. Section 285 states that the court, in exceptional cases, may award reasonable attorney's fees to the prevailing party. Highmark states that the Section 285 inquiry is generally, at heart, rooted in factual determinations, and Highmark, along with octane, state that the district court is the one that needs to make those findings. The decision is indisputably committed to the discretion of the district court, as this court has acknowledged in the Lumenview case. That basically means district court rather than us. Well, that suggests great deference to the determination of the district court, and that was Highmark. That doesn't say anything about a jury. It does not specifically say anything about a jury, but it does commit the determination to the district court. There's no authority that addresses any role that the jury has in making the exceptional case determination  and, in fact, we cited the cases in our brief, not in the 285 context, but in other fee-shifting statutes, that expressly reject the argument that AIA propounds that the subsidiary factual issues should go to the jury, and that is the Columbus Mills case cited in our brief out of the Eleventh Circuit, in which the court rejected the argument that the preliminary questions of whether a defendant acted arbitrarily, vexatiously, or otherwise in bad faith should have been submitted to a jury. So there's no authority in support of AIA's position, and we've cited in our brief authorities that specifically reject that proposition and further state that there is no Seventh Amendment right to a jury determination of factual issues regarding the exceptional case analysis. I'd also point out that there was discussion about how there was not a full trial in this case. There was a trial on specific issues. This court has affirmed findings of an exceptional case where there has been no trial at all, where summary judgment has been granted, a jury has never been impaneled, and the court, after finding summary judgment of non-infringement, for example, then determines whether the case was exceptional under Section 285, and the court considers factors such as the plaintiff's knowledge of its weak case and its improper motivation in bringing the suit. That's what happened in octane fitness after it was remanded from the Supreme Court. Similarly, after remand in Highmark, the district court found the plaintiff's conduct deceitful and based on positions it knew to be frivolous, again, looking at knowledge and issues of bad faith. This court, in cases we cited in our brief, Lumenview, Gabriel, and Marktech, all affirmed Section 285 determinations of an exceptional case where the district court had found facts regarding a plaintiff's bad faith and motivation or its knowledge that it lacked evidence and decided to proceed in its lawsuit nonetheless, or in cases where the district court found that the plaintiff brought suit in subjective bad faith. So there's no need for jury determination of these issues, and there's certainly no right under the Seventh Amendment for a jury to address these issues. If there are no other questions, I'm prepared to yield the rest of my time. Any more questions? Okay. Thank you, Mr. Burwell, Mr. Buckley. Judge Newman, I'd like to return to the question that you asked, which was why would we come forward with affirmative evidence during the briefing about the exceptional case, about our bona fides in actually filing suit, when that issue was our subjective bad faith in filing suit was never before the court? The issues focused on the underlying facts that were tried, and that was the debate that was being had. Judge Savage then took that debate and made a finding on an issue that was not present, that we brought suit in bad faith. And I think that putting a plaintiff to the position of defending against that issue before the accusation has ever been made that we brought suit in bad faith puts us in a very difficult position. And that's why, in this unique circumstance where the issue was never presented to any finder of fact, you know, a lot of these cases that they cite involve cases where the court heard evidence about subjective bad faith in bringing the suit, lack of pre-suit investigation, or, you know, motive and intent to extract settlements. Those issues were never before Judge Savage, yet on the basis of the record from the underlying trial, he reached conclusions about AIA's state of mind when it brought suit. And that's important because the conclusions, and if you read his opinion, it's very clear that he's oftentimes imputing Mullen and Hardy, who are not AIA, and their intent. Those are the scientists, okay? He's imputing their intent to AIA's intent when it brought suit. And that's where this error manifests itself. And Judge Savage covered the error by using Dormaster, saying, I can make findings so long as they're not inconsistent with the jury's findings. But that's different than saying you have to be consistent. You know, it was clear that he jumped outside of what Dormaster allowed him to do, and he made findings that exceeded the scope of the issues that were tried to him, and that's where it presented a problem both from a due process perspective, because AIA was decided that we brought suit in bad faith when the accusation that the suit was brought in bad faith had never been made, and B, when the issues of AIA's knowledge and intent must be submitted to a jury. In the same way, the reference to cases where there's no trial at all or summary judgment, often those exceptional case determinations are made because the court determines that the party's position lacked substantive legal strength. We had a valid position here. It's just that the facts were determined against us. Recognize that there was evidence on both sides. There was evidence that USF waived and evidence that it was not an informed waiver, including evidence from USF. There was evidence that Hardy was a co-inventor, and there was evidence that he was not a co-inventor, including his own admissions. My client, as the layperson guided by lawyers the entire time and not savvy in all the complexities of the science, he brought his case and he wanted his day in court. The issues were decided against him, but it was not as though there was no basis at all. If the jury had found factually for the other side, which was possible, summary judgment was denied, there was evidence on both sides, then we'd be in a different position. What's happening here is 285 is being turned into a penalty for anyone that loses a case that's decided by a jury. Now, this jury decided the case on standing. It did not decide the case on our knowledge and intent when we brought suit. And I think that's an important distinction that I'd encourage the court to take a close look at. Okay, thank you. So this case is taken under submission.